Green, J.
delivered the opinion of the court.
This is a suit, commenced by Cato against Richardson and Price, before a justice of the peace, on a bill single, for one hundred and twelve dollars and fifty cents, executed by said Richardson and Price, and one Wm. J. Gevan, to N. M. Corbin. Cato sued in his own name as assignee; and the only question was, whether the note had been assigned by N. M. Corbin, or by any person authorised to assign the same as his agent.
There was evidence conducing to prove that James H. Corbin made the assignment, and proof that he had acted in other matters as agent of N. M. Corbin.
The court permitted a witness, Lipscomb, to state that, after the time the note was assigned, he heard J. H. Corbin state that he was authorised to assign the note, to Cato. This was objected to by the defendants’ counsel, and the objection over-ruled. The deposition of James H. Corbin was read, in which he proved that he assigned the note to Cato; that he was partner with N. M. Corbin in the transaction; and that he had an interest in the note, and was authorised to transfer it. He also proved that he would' be responsible to Cato for the money if he failed to collect it from the defendants. The court directed the jury to disregard the deposition of James H. Corbin, because he was incompetent to be a witness in the case: but his Honor told the jury that, “if the proof showed that N. M. Corbin and James H. Corbin were partners in the note, each co-partner being the agent of the partnership, an assignment by one of the parties, if proved, would be sufficient, although the note was taken by one of the partners and assigned by the other in the name of the partner to whom the note *140 was made payable. It is not necessary, (to make the transfer legal) that the transfer should be signed in the firm name.”
The jury found for the plaintiff, and the defendants moved for a new trial, which being refused, they appealed to this court. 1. It is now insisted that his Honor erred in permitting the witness, Lipscomb, to prove the statement of James H. Corbin, relative to his agency, made at a period after the transaction in question had taken place. And we think this objection is well taken. If J. H. Corbin had stated^ at the time he assigned the note to Cato, that he was authorised, as the agent of N. M. Corbin, to make the assignment, such a statement might have been proved: for as a part of the res gesta, it would have been evidence. But his statements, subsequently made, are incompetent. They are mere hearsay. There was error, therefore, in over-ruling the objection to this proof. 2. It is also insisted that the charge of the court is erroneous: and if not erroneous in the principles stated, still it was error in his Honor to charge jn relation to the effect of a partnership, when there was no proof on that subject.
We think the principles stated by the court, in the charge to the jury, are correct; but, we think the charge taken in connection with the fact that J. H. Corbin’s deposition had been read, in which a partnership was proved, was calculated to mislead the jury. The jury perceiving that. J. H. Corbin was held to be an incompetent witness, because he had stated he was a partner, might, and most probably did infer from his Honor’s charge, that this fact, so shown, was competent proof, upon which they might find the existence of the partnership. But this was a mistaken view of the legal effect *141 of that deposition. It was sufficient proof of the partnership, before the court, to authorise the rejection of it from the jury, as incompetent. But it was not properly before the jury at all, and could not be evidence to them, for any purpose.
For these reasons, the judgment must be reversed, and the cause remanded for another trial.